**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2085-22

KASEEM ALI-X,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 7, 2025 – Decided May 19, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Kaseem Ali-X, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kaseem Ali-X, currently incarcerated at a correctional facility in Trenton, appeals from an October 6, 2022 final agency decision issued by respondent New Jersey Department of Corrections (Department). The Department denied Ali-X's grievance concerning the designation of a wing representative for his housing unit. Because the Department's decision was not arbitrary, capricious, or unreasonable, we affirm.

On September 18, 2022, Ali-X submitted a JPAY[1] inquiry to the Department asking: "Does unit 33F have a Wing Representative,[2] and if so who?" Because he did not receive a response, Ali-X filed an October 4, 2022 grievance, stating he was "filing this [g]rievance after the intentional disregard of [Department] staff[] to fairly respond to [his] [September 18, 2022] Inquiry."

On October 5, 2022, the Department responded to Ali-X's September 18 inquiry, advising: "You do not currently have a wing rep on your PC unit." Additionally, the Department responded to Ali-X's October 4 grievance, stating "in the future[, he] could also inquire with [his] unit officer."

---

[1] JPAY is the electronic messaging system used by inmates within the correctional facility.

[2] Ali-X and the Department use "wing representative" and "unit representative" interchangeably. Both terms refer to an inmate who represents his or her housing unit within the prison as part of an Inmate Liaison Committee.

The next day, Ali-X internally appealed the Department's responses, asserting "every unit at this [f]acility is due a Wing Representative, including 33F, to address issues, etc." The Department responded the same day and reminded Ali-X: "Please do as instructed by staff" and to "inquire with [his] unit officer." The Department subsequently closed the matter.

On January 28, 2023, Ali-X appealed the Department's October 6, 2022, final decision. He raises the following arguments:

POINT I

THE STATE AGENCY'S FAILURE TO ACT IS IN VIOLATION OF POLICY. (Raised below)

POINT II

THE STATE AGENCY IS PURPOSEFULLY AND CONTINUALLY DISRESPECTING AND TREATING PROTECTIVE CUSTODY INMATES UNFAIRLY BY IGNORING OR DOWNPLAYING ISSUES RAISED. (Previously Raised at Agency)

After considering Ali-X's arguments based on our review of the record and the governing legal standards, we reject his arguments and affirm.

Our review of an appeal from a final agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). A strong presumption of reasonableness attaches to an agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001). We will not reverse an administrative agency decision unless the

decision is "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020). "[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). Our "function is not to merely rubberstamp an agency's decision." Ibid. (citing Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). Instead, we must "engage in 'a careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams, 330 N.J. Super. at 204).

While Ali-X fails to cite the provisions governing the designation of a unit representative in a correctional facility, we presume he is referring to N.J.A.C. 10A:12-3.1 to -3.6. Under these regulations:

> An Inmate Liaison Committee [(Committee)] may be established within each correctional facility or subunit within the main correctional facility in order to:

1. Act as a liaison between the correctional facility administration and the inmate population;

2. Provide the opportunity for inmates, through their representatives, to voice their comments and concerns on issues affecting the inmate population; and

3. Provide the opportunity for inmates, through their representatives, to submit information and recommendations on issues affecting the inmate population.

[N.J.A.C. 10A:12-3.1(c)(a).]

The Committee consists of "[i]nmates who represent one or more housing units," as well as alternate representatives. N.J.A.C. 10A:12-3.2(a). The Committee's representatives and alternate representatives "shall be voted into office by housing unit residents through secret ballot." N.J.A.C. 10A:12-3.1(b).

Further, the regulations address vacancies on the Committee, stating:

A vacancy shall be created on the Inmate Liaison Committee when a representative:

1. Resigns;

2. Moves to another housing unit;

3. Is voted out of office;

4. Is released from the correctional facility; or

5. Is removed from the Committee by the Administrator. Grounds for removal from office

5

include, but are not limited to, being found guilty of a serious disciplinary charge.

[Id. at -3.6(c).]

The burden rests on the challenging party to demonstrate the agency's decision was arbitrary, capricious, or unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citing Barone v. Dep't of Hum. Servs., 210 N.J. Super. 276, 285 (App. Div. 1986)). Courts consider three factors in determining whether an agency's action is arbitrary, capricious, or unreasonable: (1) whether "the agency follow[ed] the law"; (2) "whether the record contains substantial evidence to support the findings on which the agency based its action"; and (3) whether "the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors." Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238 (App. Div. 2019).

Here, the failure to provide Ali-X a unit representative did not violate the Department's regulations. See N.J.A.C. 10A:12-3.1 to -3.6. We note the regulations are permissive, stating a "Committee may be established within each correctional facility or subunit within the main correctional facility." N.J.A.C. 10A:12-3.1(c)(a) (emphasis added). Thus, contrary to Ali-X's argument, the

A-2085-22

Department has no duty to ensure each prison has a Committee, let alone "provide a representative" for every housing unit within the prison.

If a prison has a Committee, each unit is not required to have a designee as the regulations state an inmate may "represent one or more housing units." N.J.A.C. 10A:12-3.2(a). Further, the regulations recognize various reasons for vacancies on the Committee, including an inmate's release, resignation, or transfer. Id. at -3.2(c). Moreover, because Committee representatives must "be voted into office by housing unit residents through secret ballot," the Department does not have the authority to appoint a representative for a housing unit as requested by Ali-X. Id. at -3.2(b).

On this record, we are satisfied the Department did not violate the regulations. The Department was under no obligation to provide Ali-X's housing unit with a wing representative. Thus, the Department's response to Ali-X's grievance was not arbitrary, capricious, or unreasonable. In the absence of an elected wing representative for his housing unit, the Department instructed Ali-X to voice any concerns to the unit officer.

We also reject Ali-X's assertion the Department violated N.J.A.C. 10A:4-3.1(a)(1). This regulation provides inmates have "the right to be treated

respectfully, impartially and fairly by all personnel." Ali-X contends the Department disrespected inmates "by ignoring or downplaying issues raised."

Here, Ali-X failed to articulate actions by the Department constituting unfair and disrespectful treatment of inmates beyond claiming the Department failed to provide a wing representative for his housing unit.

However, Ali-X's claim is belied by the record. The Department promptly addressed Ali-X's September 2022 inquiry and October 2022 grievance. Ali-X's dissatisfaction with the Department's responses does not support his claim that the Department disrespected inmates or treated them unfairly.

To the extent we have not addressed any of Ali-X's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(1)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2085-22